EDWARD D. PEARCE, Executor & Trustee, *vs.* JOHN B. HENNESSY.

P.'s testator gave a promissory note to H. payable two years after date, with interest semi-annually, at the rate of nine per cent. per annum, and mortgaged certain premises to secure the payment of said note. *Held*, P. having filed a bill in equity to redeem said mortgaged premises, that H. was entitled, under the provisions of chap. 582 of the Statutes, to interest upon the mortgage debt at the stipulated rate up to the time it be-came due, and subsequently to that time at the rate of six per cent. per annum, and to interest at the rate of six per cent. per annum upon the semi-annual dues of interest re-maining unpaid, from the time they became payable, and that P. might redeem upon payment of the mortgage debt with interest thus computed, inasmuch as the contract rate must govern only to the time of the maturity of the note, and after that, in the ab-sence of any special contract, the rate fixed by law.

BILL IN EQUITY to redeem an estate from a mortgage given

to secure the payment of a promissory note. The question be-
fore the court was the mode of computing interest upon the
note. The form of the note and the substance of the statutes of
the state respecting interest are stated in the opinion of the court.

*James Tillinghast*, for complainant. I. In the absence of
contract, interest is recoverable only as damages, and is governed
by the legal rate. Sedgwick on Damages, * 233 ; 1 Amer. Lead.
Cases (ed. 1871), 614 ; 2 Parsons on Notes, &c., 394–5, and note ;
*Ayer* v. *Tilden*, 15 Gray, 183–4 ; *Loughee* v. *Washburn*, 16
N. H. 134. This is particularly so under our statute (chap.
582), and any stipulation to vary the legal rate under this stat-
ute must be *express*, and cannot be implied. *Curtis* v. *Innerarity*,
6 How. (U. S.) 154.

II. The stipulation for interest in the notes here is only for
interest until maturity. There is no stipulation or agreement as
to interest after maturity. Hence after maturity the legal rate
only can be awarded as damages. *Wheaton* v. *Pike*, 9 R. I. 132 ;
*Brewster* v. *Wakefield*, 22 How. U. S. 118, and cases cited ;
*Robinson* v. *Kinney*, 2 Kansas, 184 ; *Searle* v. *Adams*, 3 Kan-
sas, 515 ; *Sessions* v. *Richmond*, 1 R. I. 303.

*Gorman*, for the respondent. I. The court will so construe
this contract as to give it effect according to the intention of the
parties at the time of making it, as gathered from the face of
the note and mortgage ; and if the intention of the parties ap-
pears from the face of the note and mortgage to be doubtful, it
will be taken and construed most strongly against the maker and
mortgagor. 2 Story on Contracts, §§ 633, 634; Chitty on Con-
tracts, p. 74.

II. The manifest intention of the parties to this note and mort-
gage was, that the same rate of interest they had agreed upon
should continue after the maturity of the note and mortgage, and
should be payable at the same time and in the same manner.

III. A note after its maturity bears the same rate of interest
as it did before maturity ; unless it appears that the intention of
the parties was otherwise. And when interest is allowed as dam-
ages for non-performance of a contract, the same rate of interest
is allowed by the court or jury then as had been agreed upon by
the parties. 2 Parsons on Bills & Notes, 395, 396, and notes ;
Edwards on Bills & Prom. Notes, 710 ; *Brewster* v. *Wakefield*,

1 Minn. 352; *Cox* v. *Smith et al.* 1 Nevada, 161; *Pridgen* v. *Andrews*, 7 Texas, 462; *Hopkins* v. *Crittenden*, 10 Texas, 189; *Branch Bank at Montgomery* v. *Harrison*, 1 Ala. (Minor) N. S. 9; *Kilgrove* v. *Powers*, 5 Blackf. 22; *Spencer* v. *Maxfield*, 16 Wis. 178, 541; *Pruyn* v. *City of Milwaukee*, 18 Wis. 367; *Beckwith* v. *H., P. & F. R. R. Co.* 29 Conn. 268; *Adams* v. *Way*, 33 Conn. 430; *Phinney* v. *Baldwin*, 16 Ill. 108; *Kohler* v. *Smith*, 2 Cal. 596; *Keene* v. *Keene*, 3 C. B. N. S. 145; *Gibbs et al.* v. *Freemont*, 9 Exch. 25; *Price* v. *Great Western R. R. Co.* 16 M. & W. 245; *Bell* v. *Mayor of City of N. Y.* 10 Paige, 49, 69; *Millers et als.* v. *Burroughs et als.* 4 Johns. Ch. 436.

DURFEE, J.   This is a bill to redeem an estate from a mortgage given to the defendant to secure the payment of a note for $1,645, dated December 3, 1866, payable to the defendant or order in two years after date, with interest semi-annually at the rate of nine per cent. per annum.   The question submitted to us for decision is whether the mortgagee is entitled, after the maturity of the note, to interest for the non-payment thereof at the stipulated rate or at the rate of six per cent. only.   The question arises under our statute, ch. 582, which provides that "interest in the rendition of judgments, and in all business transactions where interest is secured or paid, shall be computed at the rate of six dollars on a hundred dollars for one year, unless a different rate is expressly stipulated."

The mortgagee contends that he is entitled to interest at the stipulated rate either upon the ground of an implied contract for that rate after the maturity of the note, or upon the ground that the court, in awarding damages for the delay of payment, should adopt the stipulated rather than the ordinary rate as the proper measure of damages, and in support of his claim has cited numerous cases; some of which, however, arose under statutes differing so much from ours that they are entitled to but little weight as authority.

The plaintiff contends that, under our statute, no interest can be allowed by force of contract at a higher rate than six per cent. unless such higher rate is expressly stipulated, and that in the case at bar the express stipulation for interest does not extend beyond the maturity of the note; and that, in awarding interest by way of damages, the court will award it only at the

rate prescribed by the statute for cases in which interest is not expressly stipulated.

The plaintiff cites and relies especially upon the case of *Brewster* v. *Wakefield*, 22 How. U. S. 118. That case arose under a statute of the Territory of Minnesota, which provided that " any rate of interest agreed upon by the parties in contract specifying the same in writing shall be legal and valid ; " and that, " when no rate of interest is agreed upon or specified in a note or other contract, seven per cent. per annum shall be the legal rate." The suit was upon two notes, in one of which interest was reserved at the rate of twenty-five per cent. per annum, and in the other at the rate of two per cent. a month. The Supreme Court of the territory held that interest was payable on the notes at the stipulated rate, after as well as before their maturity. In the Supreme Court of the United States, this decision was reversed, and Chief Justice Taney, in giving judgment, said : " There is no stipulation in relation to interest after the notes become due, in case the debtor should fail to pay them ; and if the right to interest depended altogether on contract and was not given by law, the appellee would be entitled to no interest whatever after the day of payment. The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision of the contract."

The Supreme Court of the United States referred, in support of its decision, to the case of *Ludwick* v. *Huntzwinger*, 5 Watts & S. 51, in which the stipulated interest on a bond being less than the legal rate, interest was allowed subsequent to the maturity of the bond, at the legal rate. The Supreme Court of Pennsylvania, in its opinion, said : " Until the bond became payable the agreement of the parties regulated the allowance of interest and the rate of it, but after that the law interposed, not only to allow, but to regulate the rate of interest that should be allowed by the defendant or debtor for and on account of his illegal detention of the debt from the plaintiffs." And see *United States Bank* v. *Chapin*, 9 Wend. 471; *Macomber* v. *Dunham*, 8 Wend. 550 ; *Robinson* v. *Kinney*, 2 Kansas, 184.

In view of this conflict of decision, we deem it to be our duty to look carefully to the language of the statute for guidance and

so looking to the statute, we think it plain that the defendant is not entitled to interest, subsequently to the maturity of the note, at the stipulated rate, on the idea of an implied contract for such interest; and consequently, if the same is allowed, it must be allowed not as interest but as damages, and upon the assumption that the stipulated rate is a better measure of the damages than the legal rate. We think, however, that even if we might avail ourselves of this technical distinction between interest as interest and interest as damages, and allow interest by way of damages at the stipulated rate, after the maturity of the note, without violating the letter of the statute, it will yet be more in keeping with the spirit of the statute to allow interest at the rate of six per cent. only, in all cases where interest is allowable, in the absence of express stipulation, or beyond what is expressly stipulated. If the parties to the note, or other contract for the payment of money, intend that it shall carry interest at the stipulated rate until paid, they can easily entitle themselves to have their intention carried into effect, in entire accordance with both the letter and the spirit of the statute, by stipulation, and in so many words, that the note or contract shall carry interest at the reserved rate until paid.

We therefore decide that the defendant is entitled to interest upon the mortgage debt at the stipulated rate up to the time it became due, and subsequently to that time at the rate of six per cent., and to interest at the rate of six per cent. upon the semi-annual dues of interest remaining unpaid from the time they became payable; and that upon payment of the mortgage debt, with interest computed as aforesaid, the plaintiff is entitled to redeem.                                        *Decree accordingly.*